UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

              Plaintiff,

       -v.-

YOUTUBE, LLC,

              Defendant.

23 Civ. 6071 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Valmiki Ramani, proceeding *pro se*, brings this action against YouTube, LLC ("YouTube" or "Defendant"), arising out of allegedly unlawful actions taken by Defendant related to Plaintiff's channel titled "Valmiki Ramani, International Songs of Love," on the YouTube platform.[1] For the reasons that follow, the Court transfers this action to the United States District Court for the Northern District of California.

---

[1] This is Plaintiff's fifth action against YouTube in this District, brought on the heels of his fourth almost identical action against YouTube, which this Court has transferred to the Northern District of California. *See Ramani* v. *YouTube LLC*, No. 23 Civ. 6041 (KPF) (S.D.N.Y. July 21, 2023) (Dkt. # 12). Plaintiff's three prior actions pertained to similar conduct and each was transferred to the United States District Court for the Northern District of California. *See Ramani* v. *YouTube LLC*, No. 22 Civ. 10949 (LTS) (S.D.N.Y. Jan. 19, 2023) (Dkt. #4); *Ramani* v. *YouTube LLC*, No. 19 Civ. 9499 (CM) (S.D.N.Y. Nov. 12, 2019) (Dkt. #6); *Ramani* v. *YouTube LLC*, No. 17 Civ. 5746 (CM) (S.D.N.Y. Sept. 20, 2019) (Dkt. #2). The Court appreciates the orders of the courts in each of those proceedings, which provided helpful guidance in this matter.

Additionally, each transferred action was dismissed with prejudice in the Northern District of California. *See Ramani* v. *YouTube LLC*, No. 23 Civ. 419 (LB) (Dkt. #17 (stipulation of voluntary dismissal with prejudice)); *Ramani* v. *YouTube LLC*, No. 19 Civ. 7621 (EMC) (Dkt. #25 (dismissing case)); *Ramani* v. *YouTube LLC*, No. 19 Civ. 6175 (EMC) (Dkt. #45 (dismissing case)). Without discussing the merits of this action, the Court recognizes that issues of claim preclusion may present themselves for consideration when this case reaches the Northern District of California.

**DISCUSSION**

28 U.S.C. § 1391(b), provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See id.* § 1391(c)(1), (2).

Plaintiff, a resident of Briarwood, Queens County, New York, located in the Eastern District of New York, *see* 28 U.S.C. § 112(c), brings this action against YouTube, headquartered in San Bruno, San Mateo County, California, located in the Northern District of California, *see id.* § 84(a). Plaintiff does not allege that YouTube resides in the Southern District of New York, nor does he allege that any of the events or omissions giving rise to his claims arose in this District. In light of the evident lack of any meaningful connection to this District on the face of Plaintiff's pleadings, venue does not appear to be proper in the Southern District of New York under Section 1391(b)(1) or (2).

Even if venue were proper, under 28 U.S.C. § 1404(a), a court may transfer the case to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.

§ 1404(a).  Moreover, courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404.  See *Barnet* v. *Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative." (citing *Lead Indus. Ass'n, Inc.* v. *Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir.1979))).

In determining whether transfer to another district is appropriate, courts generally consider the following non-exhaustive list of factors, including:

> [i] the convenience of witnesses, [ii] the convenience of the parties, [iii] the locus of operative facts, [iv] the availability of process to compel the attendance of unwilling witnesses, [v] the location of relevant documents and the relative ease of access to sources of proof, [vi] the relative means of the parties, [vii] the forum's familiarity with the governing law, [viii] the weight accorded the plaintiff's choice of forum, and [ix] trial efficiency; and the interest of justice, based on the totality of the circumstances.

*Dealtime.com Ltd.* v. *McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000).  At the same time, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc.* v. *City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000).

Under these factors, transfer to the Northern District of California is appropriate here.  As a preliminary matter, Defendant is headquartered in that district.  Further, Defendant's Terms of Service contain a mandatory forum selection clause that requires all user disputes to be brought in the Northern District of California.  *See, e.g., Song fi, Inc.* v. *Google Inc.*, 72 F. Supp. 3d 53,

3

56 (D.D.C. 2014) (transferring action to the Northern District of California based on YouTube's forum selection clause). Despite Plaintiff's repeated attempts to bypass this clause by bringing his disputes in this District, the absence of any meaningful connections between the facts of his case and this District suggests that his choice of forum should be accorded significantly less weight. *See Multiwave Sensor Inc.* v. *Sunsight Instruments, LLC*, No. 16 Civ. 1361 (GHW), 2017 WL 1498058, at *8 (S.D.N.Y. Apr. 26, 2017) ("[T]he operative facts of this case 'have few meaningful connections to the plaintiff's chosen forum,' and thus 'the importance of the plaintiff's choice … measurably diminishes.'" (quoting *Hoadley* v. *MoneyGram Payment Sys.*, No. 08 Civ. 11192 (RJS), 2009 WL 2001327, at *3 (S.D.N.Y. July 9, 2009))).

Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this

Court. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated: July 21, 2023
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge